## H. B. MOSS *v.* STATE OF MISSISSIPPI.

**Indictment — No Offense Charged — Arrest of Judgment.**

> An indictment charges a defendant with unlawfully selling spirituous liquors in a quantity less than one gallon, there being a statutory provision for a penalty only for selling in quantities less than one "pint."
>
> *Held,* that judgment under said indictment cannot be enforced, and the judgment is arrested.[1]

H. B. Moss was indicted on September 8, 1883, for retailing spirituous liquors, the indictment reading as follows: " That H. B. Moss, on September 7, 1883, did unlawfully sell to one Peter Sharp spirituous liquors in a quantity less than one gallon, without then and there having a license therefor, in pursuance of the laws of said State, and against," etc. Evidence for the State showed that Peter Sharp purchased of defendant a bottle of bitters which made him drunk, and that " he believed it was nothing but whiskey." This was denied by defendant, and several witnesses were introduced who testified that Sharp had told defendant in their presence that he (Sharp) had never at any time bought any whiskey from the defendant. Defendant was found guilty and fined $200. From which he appeals.

APPEALED from Circuit Court, Choctaw county, C. H. CAMP-BELL, Judge.

Judgment arrested and appellant discharged, February 2, 1885.

---

[1]
A judgment will be arrested only for such defects as are apparent upon the face of the record itself and which make the proceedings erroneous; and hence no defect of evidence or improper conduct on the trial can be urged in support of it. Corey's Case, 8 S. & M. 573; Frank's Case, 39 Miss. 705.

Where the indictment is essentially defective, after verdict, the judgment will be arrested. Jones's Case, 11 S. & M. 315.

A defendant indicted for retailing liquor in violation of the provisions of the local act of 1884, for Copiah county, cannot after repeal of such act, by virtue of an election under the Local Option Act of 1886, be punished, since the latter act contains no saving of the penal clauses of former statutes. Wheeler *v.* State, 64 Miss. 462, 1 So. 632.

Judgment will be arrested only on some defect apparent in the record. McBeth *v.* State, 50 Miss. 81; Jefferson *v.* State, 46 Miss. 272; Lewis *v.* State, 49 Miss. 356; Lusk *v.* State, 64 Miss. 845, 2 So. 256; Jones *v.* State, 67 Miss. 111, 7 So. 220; Hastings *v.* State, 59 Miss. 541; Merrill *v.* State, 45 Miss. 651; De Marco *v.* State, 59 Miss. 355.

*Attorneys for appellant, White & Fox, and Haden & Dodd.*

*Attorney for the State not named in the record.*

Brief of White & Fox, Haden & Dodd:

\*   \*   \*   The main error relied upon is in imposing a fine and costs on a conviction under this indictment which charged no offense at the time the act is alleged to have occurred. By Code 1880, sections 1097, 1098, 1112, it was made unlawful to sell without license vinous and spirituous liquors in any quantity less than *one pint.* Selling in a quantity greater than one pint was a violation of the Revenue Law, fixing a tax on certain privileges. See Code 1880, § 585.

In 1882 the Legislature repealed the privilege tax on selling liquors, and made an ineffective attempt to amend the Retailing Law. See Acts 1882, page 10.

By this act, the word *pint* was stricken out and the word *gallon* inserted in its stead, in sections 1097, 1098, 1103, 1108, and 1109, but the section which imposed the penalty, section 1112, was not amended. The word "pint" remaining in section 1112, which imposed the penalty, it was only for selling in a quantity less than one pint that any punishment could be inflicted. It follows, therefore, that an indictment which charged selling in quantities less than *one gallon* charged no offense which could be punished under the law. At the time the offense is charged to have been committed in this case it was not unlawful to sell in quantities greater than one pint, the privilege tax having been repealed by Acts 1882. The law against retailing only extended to sales less than one pint, which left no statute against selling in quantities greater than one pint. The Legislature, in 1884, remedied this by amending section 1112, as the other sections of the Code had been by Acts 1882. See Acts 1884, page 18. This occurred, however, after the sale in this case, which was in June or July, 1883.

We can take the other position, that retailing liquors in any quantity was not punishable at all from the passage of the Acts of 1882 up to the further amendment in 1884, which gave effect to the Act of 1882. We cannot see any escape from a reversal of this case, and a discharge of the appellant, as it is well settled that the penalty is inseparable from the law itself. Bishop on Statutory Crimes, § 21.

It is said in the above section by Mr. Bishop that a law without a penalty is no law at all. * * *

No brief for the State is found in the record.

OPINION.— CAMPBELL, C. J., delivered the opinion of the court:

The indictment charges no offense. It alleges a sale of spirituous liquors on the 7th of September, 1883, in a quantity less than one gallon, without a license, in pursuance of law.

From February 23, 1882, to March 4, 1884, there was no penal law against selling spirituous liquors without license in less quantity than one gallon. It was a penal offense to sell less than one pint, but not to sell less than a gallon, as this indictment charges. This state of the law resulted from the action of the Legislature in enacting that the word "pint," in sections 1097, 1098, 1103, 1108, and 1109 of the Code should be stricken out and the word "gallon" inserted. Acts of 1882, page 10. The word "pint" was not stricken out of section 1112 of the Code until March 4, 1884. That section, and that only, denounced a penalty against selling without a license in particular quantity and its penalty was for selling less than a pint.

No objection of this sort was made in the trial of this case in the Circuit Court, but since it is manifest that the indictment does not charge an offense, the judgment for a penalty not provided for by any law cannot be enforced.

We arrest the judgment and discharge the appellant.